IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DAVID A. SMITH,

    Plaintiff,

v.                                                                                                      Civ. No. 5:12-cv-171

BAYER MATERIAL SCIENCE, LLC,
MARK J. DAVIS, CHARLES KOTSON,
and KATHY MADDEN,

    Defendants.

## ORDER GRANTING IN PART AND DENYING IN PART
## PLAINTIFF'S MOTION TO COMPEL DISCOVERY

*I. INTRODUCTION*

This employment discrimination action was originally filed in the Circuit Court of Marshall County, West Virginia, alleging a number of state law causes of action mostly arising under the West Virginia Human Rights Act (WVHRA). Specifically, Plaintiff claims that he was subjected to discrimination and ultimately fired for his disability—cancer. Defendants removed the action to this Court because they assert that language in one of the counts in the complaint references the Fair Labor Standards Act, and that this presents a federal question invoking this Court's jurisdiction. Plaintiff filed a motion to remand the case which is still pending in the District Court. The instant dispute arises from Defendant Bayer Material Science's (Bayer) responses and objections to Plaintiff's first set of discovery. After trying to resolve the dispute without Court intervention, Plaintiff filed a motion to compel discovery.[1] The Court held an evidentiary hearing and heard

---

[1] The Court deemed Plaintiff's initial motion deficient because it failed to set out verbatim the discovery requests, responses, and objections, to which he took issue as required by the Court's Local Rules. Plaintiff supplemented his motion. Defendant contends that the motion is still deficient because it does not give the case, statute, or rule to support each discovery request at issue. Although Defendant is correct that the motion still does not comply with the

1

argument on the motion on June 5, 2013. Plaintiff appeared by P. Joseph Craycraft, Esquire. Defendant appeared by Jana P. Grimm, Esquire. No testimony or other evidence was presented.

## *II. DISCUSSION*

Plaintiff seeks to compel responses to a number of interrogatories and requests for production of documents, of which the Court finds it most helpful to divide into four categories: (1) Plaintiff's employment information; (2) corporate information; (3) information about other legal actions taken by employees; and (4) information about other employees. The Court will discuss each in turn, but will first lay the all too familiar foundation for discovery.

Under the Federal Rules, [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." FED. R. CIV. P. 26(b)(1). This evidence need not be admissible at trial so long as it is "reasonably calculated to lead to the discovery of admissible evidence. *Id*. It is well established that these Rules are to be given a "broad and liberal treatment." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). Of course, the Court can limit discovery if it is irrelevant, duplicitous, or poses an undue burden on the party from whom the discovery is sought.

Any objection to discovery requests must be lodged with some specificity so the requesting party, and the Court if it becomes involved, can ascertain the basis for the objection. Accordingly, generalized, boilerplate objections that regurgitate the language from Rule 26—irrelevant, overly broad, and unduly burdensome—are highly disfavored and will usually result in a waiver of the

---

Local Rules to a tee, Plaintiff has provided some case law and as a matter of judicial economy the Court will resolve the dispute.

objection. *See e.g. Mancia v. Mayflower Textile Servs. Co*., 253 F.R.D. 354, 364 (D. Md. 2008). *Mainstreet Collection, Inc. v. Kirkland's, Inc.*, 270 F.R.D. 238 (E.D.N.C. 2010) (mere recitation of the familiar litany that a request is overly broad, burdensome, oppressive, and irrelevant does not constitute a specific objection); *Hager v. Graham*, 267 F.R.D. 486, 492 (N.D.W.V. 2010) ("General objections to discovery, without more, do not satisfy the burden of the responding party under the Federal Rules of Civil Procedure to justify objections to discovery because they cannot be applied with sufficient specificity to enable courts to evaluate their merits."); *Mills v. East Gulf Coast Prep. Co., LLC*, 259 F.R.D. 118, 132 (S.D.W.V. 2009) ("[B]oilerplate objections regurgitating words and phrases from Rule 26 are completely unacceptable."); *Frontier–Kemper Const., Inc. v. Elk Run Coal Co., Inc.*, 246 F.R.D. 522, 530–31 (S.D.W.V. 2007) (finding that boilerplate objections to defendant's requests for production of documents, which indicated simply that requests were overbroad, unduly burdensome, and not reasonably calculated to lead to discovery of admissible evidence, did not comply with the rule, which required specific objections).

Although Defendant maintains that Plaintiff has failed to comply with the Court's Local Rules, and is to a point correct, Defendant has been in noncompliance not only with the Federal Rules as just outlined, but, as will be explained later, in violation of several other specific provision of the Federal Rules. The most flagrant disregard for the specificity requirement is exemplified by the following response to Interrogatory 21:

> <u>ANSWER</u>: Objection. Defendant objects to this interrogatory to the extent it seeks information which is irrelevant and which is not reasonably calculated to lead to the discovery of admissible evidence.

The Court finds it important to recommend to Defendant that rather than chastising Plaintiff in its response to the motion to compel, Defendant might better spend its time in making sure it is in

compliance with the Rules.

*A. Plaintiff's Employment Information*

In these requests,[2] Plaintiff seeks information about the benefits he was eligible for, including the valuation of those benefits, who made the decision to terminate his employment, his personnel file, and any emails concerning his employment. It appears to the Court that Defendant has already turned over Plaintiff's personnel file to the tune of 416 Bates numbered pages, and has answered Plaintiff's interrogatory concerning the decision to terminate. With regard to the valuation of benefits, Plaintiff has shown that lost benefits may be calculated into an award under the WVHRA. *See Alley v. Charleston Area Med. Ctr., Inc.*, 602 S.E.2d 506 (W. Va. 2004). Thus, the valuation is relevant and discoverable.

The final issue is the emails. Defendant objected to the request as being "overly broad and unduly burdensome" and that it "is not appropriately limited in time and scope." Defendant further objected "to the extent this information is irrelevant and [] is not reasonably calculated to lead to the discovery of admissible evidence." Finally, Defendant objected "to the extent the request seeks emails protected from disclosure by the attorney-client work product doctrine." Before addressing the objections, the Court will first note that any emails regarding Plaintiff's employment or termination are clearly relevant; this is an employment discrimination action.

The first two objections are just as those described as impermissible and waived for lack of specificity. However, not only does this objection lack the specificity required by the Federal Rules of Civil Procedure, it is also in violation of several other provisions. First, if Defendant only objects to the disclosure of emails protected by the attorney-client privilege or work product doctrine then

---

[2] Interrogatories 7 and 22, and Request for Production 1.

it *must* produce the rest. FED. R. CIV. P. 34(b)(2)(C). Further, if a claim of privilege is expressly made, then the party claiming the privilege *must* "describe the nature of the documents, communications, or tangible things, not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim"; commonly referred to as a privilege log. FED. R. CIV. P. 26(b)(5)(A). Defendant has satisfied none of these requirements.

Accordingly, the motion to compel all of these requests is **GRANTED**. If Defendant has produced everything it has regarding the personnel file and decision to terminate as the Court has surmised, then it only need to restate something to that effect in the supplemental responses. Moreover, if there is a legitimate claim of privilege—it appears to be speculation by Defendant at this point because it is apparent Defendant has not even attempted to search for any emails—then Defendant must follow the Federal Rules and submit a privilege log.

### B. Corporate Information

In these requests,[3] Plaintiff wants to know the relationship between Defendant and Bayer Credit Union. He contends that Bayer Credit Union was taking financial action against him during his consideration of a severance agreement by Defendant, and insinuates that the financial actions taken might have been to pressure him into entering into the severance agreement. Defendant objected to the request as irrelevant and unlikely to lead to the discovery of admissible evidence. Plaintiff further wants the personnel files of the individual named Defendants in this action because he has raised claims of negligent hiring and supervision against Bayer and wants to know the qualifications, training, and disciplinary records of these Defendants. Finally, he seeks to compel

---

[3] Interrogatory 24 and Requests for Production 6, 14 and 22.

production of a copy of the job description of the position he and the individual named Defendants held, and a copy of each work rule or labor agreement that Defendant contends he violated.

With regard to information about a relationship between Defendant and Bayer Credit Union, the Court does not see the relevance. If Plaintiff contends that Bayer Credit Union is engaging in these acts as retaliation, then he must file an action against them. But he cannot seek discovery from a party to this lawsuit that would be relevant to a lawsuit against another party. Further, the Court finds that information contained in the individual Defendants' personnel files, specifically disciplinary and training information, is relevant to Plaintiff's claim of negligent hiring and supervision. *See e.g. D'Angelo v. United States*, 588 F. Supp 9 (W.D.N.Y. 1983) (allowing, in a negligent hiring action, Plaintiff to discovery specific information in three doctors' personnel files). Finally, the work rule or labor agreement that Defendant is relying on for its nondiscriminatory termination of Plaintiff is clearly relevant. *See* FED. R. CIV. P. 26(b) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim *or defense*") (emphasis added). For the reasons stated, the motion to compel a response to Interrogatory 24 is **DENIED**. The motion to compel responses to Requests for Production 6, 14, and 22 is **GRANTED**.

*C. Other Legal Actions*

In this request,[4] Plaintiff wants to know whether Defendant has ever been a party to a discrimination action in the past ten years, and if so details and records of the actions. Plaintiff contends that this information is relevant because a showing of prior conduct could result in a higher award of punitive damages. Defendant lodged the all too familiar objection, which was highlighted above, that the information is irrelevant and not likely to lead to the discovery of admissible

---

[4] Interrogatories 21 and Request for Production 13.

evidence. The Court finds that the request is relevant, or at least reasonably calculated to lead to the discovery of admissible evidence, but as discussed more fully below, the requests must be limited in scope to only the last five years and only at the facility where Plaintiff was employed. *See e.g. Gray v. Int'l Broth. of Elec. Workers*, 1975 WL 248 (D.D.C. Oct. 21, 1975) (compelling similar discovery); *Johnson v. Southern Ry. Co.*, 1977 WL 91, *7 (N.D. Ga. Dec. 27, 1977) (same). Accordingly, the motion to compel responses to Interrogatory 21 and Request for Production 13 is **GRANTED IN PART**.

### D. Other Employee Information

In these discovery requests,[5] Plaintiff seeks the name and last known address for each employee who, in the last ten years, was disciplined or terminated for (1) failing to report to the infirmary, (2) being tardy, or (3) for being absent. For employees that were disciplined, Plaintiff wants to know the level of disciple. Further, Plaintiff wants the name and last known address for each employee who, in the last ten years, lost their right to use short notice time off, used "non-occ" leave, worker's compensation, FMLA leave, or was granted leave as an accommodation for a disability under the WVHRA. Finally, Plaintiff wants to know whether any employee has been diagnosed with cancer in the last ten years, and if so whether those employees are still employed. Plaintiff contends that all of the employees revealed would be similarly situated to him, and that the information is necessary to meet his burden of proof under the WVHRA.

Defendant lodged the same objections to these requests, stating that the information sought is not relevant or reasonably calculated to lead to the discovery of admissible evidence because it seeks information from individuals who are not party to this action. Further, they contend that

---

[5] Interrogatories 9-20 (13 and 15 are the same), and requests for production 11, 12, and 15.

producing this information would reveal personal and private information of non-parties, and in some instances run afoul of the protections contained in the Health Insurance Portability and Accountability Act (HIPAA). Finally, they contend that scouring through ten years of employee information would be unduly burdensome.

The West Virginia Supreme Court of Appeals has held that to establish disparate treatment under the WVHRA, a plaintiff must establish a *prima facie* case of discrimination by showing: "(1) that the complainant is a member of a group protected by the Act; (2) that the complainant was discharged, or forced to resign, from employment; and (3) that a nonmember of the protected group was not disciplined, or was disciplined less severely, than the complainant, though both engaged in similar conduct." *Barefoot v. Sundale Nursing Home*, 457 S.E.2d 152, 162–63 (W. Va. 1995). The state's highest court has "consistently held that cases brought under the West Virginia Human Rights Act are governed by the same analytical framework and structures developed under Title VII." *Id*. at 159 (internal citation omitted). This framework is burden shifting, with a plaintiff bearing the initial burden of showing a *prima facie* case, then shifting to a defendant to show a legitimate, nondiscriminatory reason for the complained of employment action. *Id*.; *see also McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802 (1973).

In employment discrimination cases, courts have consistently held that discovery is even broader than that enjoyed in regular civil litigation, and that "'the imposition of unnecessary limitations on discovery is especially to be avoided in Title VII cases,' because of the nature of the proofs required to demonstrate unlawful discrimination may often be indirect or circumstantial." *Miles v. Boeing Co.*, 154 F.R.D. 117, 119 (E.D. Pa. 1994) (quoting *Robbins v. Camden City Bd. of Educ.*, 105 F.R.D. 49, 55 (D.N.J.1985)); *see also Pleasants v. Allbaugh*, 208 F.R.D. 7, 9 (D.D.C.

2002) ("[P]laintiffs have been permitted a very broad scope of discovery, extending to documents and information pertaining to so-called workforce data, i.e., information regarding non-party employees in plaintiff's workplace."). Moreover, the several Courts of Appeals that have addressed the issue have held the same. *See Sempier v. Johnson & Higgins*, 45 F.3d 724, 734 (10th Cir. 1995) ("[W]e frown upon unnecessary discovery limitations in Title VII, and hence ADEA, cases."); *Sweat v. Miller Brewing Co.*, 708 F.2d 655, 658 (11th Cir. 1983) ("[W]e note that liberal discovery rules are applied in Title VII litigation. Statistical information concerning an employer's general policy and practice concerning minority employment may be relevant to a showing of pretext, even in a case alleging an individual instance of discrimination rather than a "pattern and practice" of discrimination."); *Trevino v. Celanese Corp.*, 701 F.2d 397, 405 (5th Cir. 1983) ("The imposition of unnecessary limitations on discovery is especially frowned upon in Title VII cases."). Thus, it is clear that broad discovery must be afforded to plaintiffs alleging Title VII claims, and, logically, because the West Virginia Supreme Court has adhered to the framework in WVHRA cases, to those cases as well. However, the evidence must still be relevant and not present an undue burden.

The United States Supreme Court has held that relevant evidence in Title VII cases may include the employer's "general policy and practice with respect to minority employment," which includes "statistics as to [employer's] employment policy and practice" to establish a "pattern of discrimination." *McDonnell Douglas*, 411 U.S. at 804-05. These statistics can be important for a Plaintiff to both establish a *prima facie* case of discrimination, which is the burden placed on a Plaintiff, *Mayor of Philadelphia v. Educ. Equality League*, 415 U.S. 605, 620 (1974), and to discredit the reasons given by an employer on a contested action. *Furnco Const. Corp. v. Waters*, 438 U.S. 567, 579 (1978). Further, "evidence of general patterns of discriminatory treatment by an

9

employer is relevant even in the individual disparate treatment case." *Zahorik v. Cornell Univ.*, 98 F.R.D. 27, 31 (N.D.N.Y. 1983) (citing *Lieberman v. Gant*, 630 F.2d 60, 68 (2d Cir. 1980)).

Some of the information requested by Plaintiff is certainly relevant to meet his burden to establish a *prima facie* case of discrimination, namely the statistical information regarding treatment of other people not of the protected class. However, other information which seeks personal medical information about current or former employees' disabilities is not relevant to showing whether a non-protected class employee received different treatment for the same actions as himself. Moreover, the Court finds that the temporal scope and lack of geographic scope of Plaintiff's requests can become unduly burdensome on Defendant. Thus, the Court will put a reasonable limitation to actions within the last five years and only at the facility where Plaintiff was employed. For these reasons, the motion to compel responses to Interrogatories 9-20 and Requests for Production 11 and 12 is **GRANTED IN PART**. The motion to compel Interrogatory 25 and Request for Production 15 is **DENIED**.

### *E. Protective Order*

The Court will note that there is not currently a protective order in place in this action. Because some of the discovery might reveal sensitive information about Bayer's employees and policies, the Court believes that a protective order is needed. The parties are **ORDERED** to submit a stipulated protective within thirty (30) days of the date of this Order.

### *III. CONCLUSION*

For the reasons set forth, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's motion to compel (CM/ECF Doc. 21). Defendant has thirty days (30) from the date of this Order to fully comply with its terms. Further, the parties are **ORDERED** to submit a stipulated

10

protective order within thirty (30) days of the date of this Order.

Filing of objections does not stay this Order.

Any party may, within fourteen [14] days of the filing of this Order, file with the Clerk of the Court written objections identifying the portions of the Order to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to District Court Judge of Record. Failure to timely file objections to the Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Order.

The Clerk of the Court is directed to mail a copy of this Order to parties who appear *pro se* and any counsel of record, as applicable.

**IT IS SO ORDERED**

DATED: June 19, 2013                              /s/ *James E. Seibert*
                                                  JAMES E. SEIBERT
                                                  UNITED STATES MAGISTRATE JUDGE