```
               IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

DAVID A. SMITH,

    Plaintiff,

v.                                      Civil Action No. 5:12CV171
                                                              (STAMP)
BAYER MATERIAL SCIENCE, LLC,
MARK J. DAVIS, CHARLES KOTSON
and KATHY MADDEN,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFF'S MOTION TO REMAND AND
DENYING AS MOOT DEFENDANTS' MOTION TO FILE A
RESPONSE TO PLAINTIFF'S SUPPLEMENTAL MEMORANDUM**

I.  Background

The plaintiff, who is a former employee of defendant Bayer Material Science, LLC ("Bayer"), filed this civil action in the Circuit Court of Marshall County, West Virginia as a result of his termination from his employment with Bayer on January 10, 2012. The plaintiff's complaint alleges that he was terminated as a result of a disability, in violation of the West Virginia Human Rights Act ("WVHRA").  The plaintiff asserts that he suffers from throat cancer and, as a result of this illness, was regarded as disabled by his employer, and is actually considered disabled under the WVHRA.

The plaintiff's throat cancer diagnosis and treatment allegedly caused him to be absent from work from approximately August 27, 2010 through July 11, 2011.  Further, according to the plaintiff, after his return to work on July 11, 2011, the

plaintiff's throat cancer resulted in his utilization of Bayer's short notice rules for calling off two times. The complaint asserts that the plaintiff was warned by the defendants on August 4, 2011 and December 15, 2011 that his attendance was "intolerable," that further instances of absence would "result in disciplinary action up to and including termination of employment," and that he would no longer receive various benefits provided to other similarly situated employees. Finally, the plaintiff asserts that on January 10, 2012, the defendants terminated his employment for improperly requesting a day off and for failing to properly handle a fall on the ice at Bayer facilities. The plaintiff claims that these stated reasons were pretextual, and that the plaintiff was actually terminated due to his disability. The complaint raises a claim for disability discrimination under the WVHRA, a hostile work environment claim, and a civil conspiracy claim against all defendants, and raises claims of negligent hiring/ retention and negligent supervision, as well as a claim of respondeat superior liability against Bayer.

    The defendants removed this civil action to this Court under 28 U.S.C. § 1441, arguing federal question jurisdiction pursuant to 28 U.S.C. § 1331. In support of this assertion, the defendants maintain that the plaintiff's complaint alleges that the defendants violated the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, and is thus founded, at least in part, upon a claim arising under federal law. The defendants assert that this Court also has

jurisdiction over the plaintiff's state law claims through pendant jurisdiction under 28 U.S.C. § 1367. The plaintiff then filed a motion for remand, which asserts that he has not raised a claim under FMLA, but rather has specifically and intentionally raised only state law claims under the WVHRA and West Virginia common law. The defendants responded to the plaintiff's motion to remand, and the plaintiff filed a reply to their response.[1] Accordingly, the plaintiff's motion for remand is now fully briefed and ripe for disposition by this Court. For the reasons that follow, the plaintiff's motion for remand will be granted.

## II. Applicable Law

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441. Federal courts have original jurisdiction over primarily two types of cases: (1) those involving federal questions under 28 U.S.C. § 1331 and (2) those involving citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interests and costs pursuant to 28 U.S.C. § 1332(a). The party seeking removal bears the burden of establishing federal jurisdiction. See

---

[1] The plaintiff has also since filed a supplemental memorandum in support of his motion for remand. This Court finds that this supplemental memorandum was filed out of time, and without leave of Court, and will thus not be considered. See LR Civ P 7.02(b)(3). Further, nothing contained in the supplemental memorandum alters this Court's opinion as it is expressed herein. As such, the defendants' motion for leave to respond to the plaintiff's supplemental memorandum in support of his motion for remand will be denied as moot.

Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction is strictly construed due to "significant federalism concerns," implicated by abrogating a state court of the ability to decide a case over which it has jurisdiction. Id. Thus, if federal jurisdiction is doubtful, the federal court must remand. Id.

### III. Discussion

In the notice of removal as well as in their response to the plaintiff's motion for remand, the defendants argue that federal question jurisdiction exists because the plaintiff's complaint raises a claim under the FMLA. This argument is based upon the following language in Count IV of plaintiff's complaint, entitled "Negligent Hire/Retention against Bayer":

> 40. Defendant Madden failed to identify Plaintiff as a member of a protected class under the West Virginia Human Rights Act, failed to cause discussions to take place regarding Plaintiff's need for reasonable accommodation, failed to identify Plaintiff's need to leave work for doctor's visits as a reasonable accommodation, <u>failed to recognize Plaintiff's condition as a "serious health condition" under the Family Medical Leave Act, failed to identify Plaintiff's need for FMLA leave</u>, and failed generally to educate and direct Defendants Kotson and Davis regarding the same.
>
> 41. Given the above, Defendant Bayer was negligent in its hiring and/or retention of defendant Madden.

ECF No. 1 Ex. 1 *6-*7 (emphasis added).

In his motion for remand, the plaintiff contests the defendants' assertion that his complaint sets forth a FMLA claim, and states that the complaint references FMLA simply in the context of asserting that the individual defendants failed to follow Bayer

4

policies regarding discrimination, leaves of absence, and employee use of FMLA leave. The plaintiff maintains that this reference is only to support his West Virginia state claims and to provide evidence of Bayer's alleged negligent hiring and retention of defendant Kathy Madden ("Madden"), as she failed to follow required protocol. This factual support for his state law claim does not assert a claim under the FMLA.

The presence or absence of federal question jurisdiction is governed by the well-pleaded complaint rule, which provides that a federal question must be presented on the face of the plaintiff's properly pleaded complaint. See Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987); Hunter Douglas, Inc. v. Sheet Metal Workers Int'l Assoc., Local 159, 714 F.2d 342, 345 (4th Cir. 1983). Only those cases "in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends upon resolution of a substantial question of federal law" are subject to removal. Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 27-28 (1983). This Court finds that, under the well-pleaded complaint rule, the plaintiff's references to the FMLA fail to create federal jurisdiction.

The FMLA creates two private causes of action which can be invoked by employees against their employers. First, an employee can bring an "interference" claim, wherein he alleges that his employer interfered with his rights under the FMLA, including the employee's entitlement to a certain amount of leave set forth in

5

the Act. 29 U.S.C. § 2615(a)(1). Second, an employee may bring an action under FMLA wherein he alleges that his employer retaliated against him for exercising his rights under the FMLA. 29 U.S.C. § 2615(a)(2). The defendants claim that "[b]y the plain language of the Complaint, Plaintiff has asserted a FMLA interference claim against defendants, specifically by alleging that Defendants failed to recognize Plaintiff's FMLA-covered condition and his need for FMLA leave and that defendants Bayer and Madden allegedly failed to instruct Kotson and Davis regarding the same." ECF No. 10 *3. The defendants argue that the plaintiff's attempts to rely upon his labeling of Claim IV, and to assert that his use of FMLA, was simply an example of defendant Madden's dereliction of duty, is nothing more than semantics.

In support of this assertion, the defendants rely heavily upon this Court's opinion in King v. Cardinal Health 411, Inc., No. 5:10cv112, 2011 U.S. Dist. LEXIS 1469 (Jan. 6, 2011). In that case, this Court found that, even though the plaintiff's complaint did not expressly assert a claim under the FMLA, the language of the complaint set forth a cause of action under the Act. In King, the plaintiff's amended complaint included the following language:

> The Defendants' termination, failure to reinstate and/or rehire the Plaintiff violated the Family Medical Leave Act in that Plaintiff should not have been terminated for missing a day of work due to her serious medical condition. 29 U.S.C. § 2601 et seq.

Id. at *8.

The defendants contend that, like the plaintiff in King, the plaintiff in this case, through his reference to an FMLA violation,

6

has raised a claim under the Act and has thus invoked this Court's jurisdiction.  This Court disagrees, as the plaintiff's complaint in this case differs from the plaintiff's complaint in King.

In King, as quoted above, the plaintiff alleged that the defendants violated FMLA, and also specifically cited the Act in her complaint.  This Court found that this allegation unambiguously pled an FMLA claim, and required this Court to determine "a federal question: whether the termination of the plaintiff's employment violated the FMLA."  Id.  In this case, however, the plaintiff does not make a specific allegation of a violation of the FMLA.  Rather, the plaintiff alleges that defendant Bayer negligently hired and retained defendant Madden, and evidence of this negligence is defendant Madden's failure to follow or inform others of the requirements of protocol and the FMLA.

Further, as the plaintiff points out, the plaintiff in King argued that the FMLA formed and defined the West Virginia public policy that the plaintiff was employing as its cause of action.  Accordingly, King's cause of action was entirely reliant upon a finding that the defendants violated the FMLA, as the requirements of the FMLA formed the entire definition of the public policy alleged.  Such a public policy claim was also the basis of the court's refusal to grant a remand motion in another case cited by the defendants in support of federal jurisdiction in this case, Anderson v. Shade Tree Serv., Co., No. 4:12cv1066, 2012 U.S. Dist. LEXIS 113009 (E.D. Mo. Aug. 10, 2012).  In that case, the Eastern District of Missouri found that the plaintiff had actually alleged

7

a FMLA claim despite his decision to call the claim a "Wrongful Discharge" claim, because the claim alleged a violation of Missouri public policy as it was defined by the requirements of the FMLA. Id. As stated by the court in that case, "[p]ublic policy naturally encourages compliance with all laws, including federal law. Whether public policy exists supporting compliance with the FMLA, the exclusive remedy available to a plaintiff discharged in violation of the FMLA is under federal statute, not common law." Id. at *5.

In this case, unlike in King and Anderson, any violation of the FMLA on the part of defendant Madden would only be a single example among many of alleged dereliction of duties on the part of defendant Madden used to support a claim that Bayer was negligent in hiring and retaining her. As such, a determination of whether Madden violated the FMLA is not a sufficient federal question to constitute a "real and substantial issue" which is essential to the plaintiff's claim in Count IV. City Nat'l Bank v. Edmisten, 681 F.2d 942, 945 (4th Cir. 1982). As the Fourth Circuit stated in Mulcahey, 29 F.3d at 153, "if a claim is supported not only by a theory establishing federal subject matter jurisdiction, but also by an alternative theory which would not establish such jurisdiction, then federal subject matter jurisdiction does not exist." Id. (citing Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 811 (1988)).

Such is the case in Count IV of the plaintiff's complaint. In that count, the plaintiff supports his claim of negligent hiring

8

and retention with several allegations of wrongdoing by defendant Madden, only one of which relies upon a theory of failure to recognize and properly handle plaintiff's condition under the a federal law.  This case is indeed quite factually similar to <u>Pudder v. Wal-Mart</u>, 2:11cv970, 2012 U.S. Dist. LEXIS 61293 (S.D. W. Va. May 2, 2012), wherein the Southern District of West Virginia found that it lacked federal question jurisdiction over plaintiff's claim for retaliation under state law alleging retaliation under nine separate manifestations, one of which was a denial of requested FMLA leave.  The Court stated, relying upon <u>Christianson</u> and <u>Mulcahey</u>, "[o]ne theory to support [the plaintiff's] claim is that Defendants denied her FMLA leave to which she was lawfully entitled.  It is plain from the complaint, however, that plaintiff alleges other theories to support her state law claim, without reliance on her FMLA theory."  <u>See also</u> <u>Wagner v. Regent Invs., Inc.</u>, 966, 970 (E.D. Va. 1995) ("where federal law was only essential to one of several theories under which the plaintiff sought relief for the same claim, the invocation of that law was not sufficient to confer federal question jurisdiction").  As such, this Court finds that the plaintiff's reference to a FMLA in connection with defendant Madden as a single theory of many to support his state law claim of negligent hiring/retention on the part of defendant Bayer is insufficient to grant this Court subject matter jurisdiction under the well pleaded complaint rule.  The plaintiff's motion for remand is thus granted.

## IV. Conclusion

For the reasons stated above, the plaintiff's motion to remand (ECF No. 9) is GRANTED. The defendants' motion for leave to file a response to the plaintiff's supplemental memorandum in support of motion for remand (ECF No. 45) is DENIED AS MOOT as this Court did not consider the supplemental memorandum in the formulation of its opinion in this matter. Accordingly, this matter is hereby REMANDED to the Circuit Court of Marshall County, West Virginia. It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to counsel of record herein and to the Clerk of the Circuit Court of Marshall County, West Virginia.

DATED: August 7, 2013

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE